**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **WILLIE F. WRIGHT, JR. and,** ) | |
| **TIFFANI A. BLASH,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:25-CV-503 (MTT)** |
| ) | |
| **ALLSTATE VEHICLE AND PROPERTY** ) | |
| **INSURANCE COMPANY**[1] ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER</u>

The District Court for the Northern District of Illinois transferred this case here on November 17, 2025. ECF 33. Having reviewed the pro se plaintiffs' complaint, the Court is concerned about the lack of factual allegations supporting the Court's subject matter jurisdiction in this case. *See* ECF 9. "When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citing *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994)). "Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." *Id*. Because the plaintiffs are proceeding pro se, the Court will provide the plaintiffs an opportunity to cure their complaint's deficiency before dismissing this

---

[1] Defendant Allstate Vehicle and Property Insurance Company was incorrectly identified in the plaintiffs' complaint as "Allstate." ECF 9 at 1.  The Clerk is **DIRECTED** to correct the defendant's name on the docket.

action. Thus, the Court **ORDERS** the plaintiffs to amend their complaint no later than **January 9, 2026**, in accordance with the following instructions.

The plaintiffs must allege the factual basis for federal subject matter jurisdiction in this case. To allege diversity jurisdiction under 28 U.S.C. § 1332, the plaintiffs must allege the amount in controversy exceeds "$75,000, exclusive of interest and costs, and is between . . . citizens of different States." *See* 28 U.S.C. § 1332(a). Plaintiffs "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. The plaintiffs must name the state in which they are citizens and allege 1) the state in which they reside and 2) the state in which they have an intent to remain indefinitely. *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002). To allege the defendant corporation's citizenship, the plaintiff must list every state 1) "by which it has been incorporated" and 2) "where it has its principal place of business." *See* 28 U.S.C. § 1332(c). To satisfy the amount in controversy requirement, the plaintiffs must allege the amount in controversy exceeds $75,000. *See id*. § 1332(a). **The plaintiffs shall state the amount of their claimed loss resulting from property theft.**

The plaintiffs are also instructed to include all facts that they wish to make a part of these proceedings and cite the appropriate legal authority for bringing their claims. In addition, the plaintiffs must provide enough facts to plausibly demonstrate that the defendant's actions or omissions resulted in the violation of their rights under a specific law. It is also recommended that, when drafting their "statement of claims," the plaintiffs list numbered responses to the following questions:

(1) What did the defendant do (or not do) to violate their rights? If the plaintiffs intend to allege a "discrimination" claim, they shall state the statutory or other legal basis for that claim.

(2) When did the action(s) occur?

(3) How were the plaintiffs injured as a result of the defendant's actions?

The amended complaint will take the place of and supersede the plaintiffs' former complaints. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). The plaintiffs may not refer to, or incorporate by reference, their previous complaints, and the Court will not look back to the facts alleged in former complaints once the amended complaint is filed. *Id.* (holding that the filing of an amended pleading renders the previous pleading a "legal nullity"). Consistent with these instructions, the plaintiffs are **ORDERED** to amend their complaint no later than **January 9, 2026**.

**SO ORDERED**, this 12th day of December, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT