**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **WILLIE F. WRIGHT, JR. and,**<br>**TIFFANI A. BLASH,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**ALLSTATE VEHICLE AND PROPERTY**<br>**INSURANCE COMPANY,**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION NO. 5:25-cv-503 (MTT)**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

Before the Court is the *pro se* Plaintiffs' motion to amend their second amended complaint (ECF 43). ECF 51. The United States District Court for the Northern District of Illinois transferred this case to the Middle District of Georgia in October 2025. ECF 34. This Court then ordered Plaintiffs to amend their first amended complaint because the Court was concerned about the lack of factual allegations supporting the Court's subject matter jurisdiction. ECF 41. Plaintiffs filed a second amended complaint, but now move to file a third amended complaint, recognizing that Plaintiffs' second amended complaint does not adequately comply with the Court's order. ECF 41, 43, 51. Although Plaintiffs attempt, in their proposed third amended complaint, to more closely comply with the Court's amendment instructions, Plaintiffs' proposed third amended complaint still fails to comply fully with the Court's order. ECF 41, 51-1. Thus, the Court **DENIES** Plaintiffs' motion to amend (ECF 51). However, given Plaintiffs' *pro se* status, the Court will afford Plaintiffs a final opportunity to amend their second amended complaint, and, in case the

Court's previous order was not clear, the Court also provides more specific instructions guiding the form of Plaintiffs' third amended complaint.

Accordingly, Plaintiffs are **ORDERED** to amend their second amended complaint **no later than February 3, 2026** in compliance with the following instructions.[1]

## I.  DISCUSSION

The third amended complaint will take the place of, and supersede, the Plaintiffs' former complaints. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). The Plaintiffs may not refer to, or incorporate by reference, their previous complaints, and the Court will not look back to the facts alleged in former complaints once the amended complaint is filed. *Id.* (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

### A.  Format of Amended Complaint

The amended complaint shall include the following sections: 1) Identification of the Parties, 2) Basis for Jurisdiction, 3) Statement of Facts, 4) Statement of Claims. Each section should include, at a minimum, the information addressed under each heading below:

### 1.  Identification of the Parties

In this section, Plaintiffs shall identify all parties to the case.

---

[1] Failure to comply with the Court's orders is grounds for dismissing this case. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (explaining the Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981).

## 2. Basis for Jurisdiction

In this section, Plaintiffs shall identify every basis supporting the Court's subject matter jurisdiction in the case.[2] The Court may have subject matter jurisdiction from several sources, and the Court may have subject matter jurisdiction over some claims but not others. Most commonly, the Court attains subject matter jurisdiction through 28 U.S.C. § 1332, "diversity jurisdiction," or through 28 U.S.C. § 1331, "federal question jurisdiction."

### a. Diversity Jurisdiction, 28 U.S.C. § 1332

If Plaintiffs allege the Court has jurisdiction under 28 U.S.C. § 1332, Plaintiffs shall state this is a basis for the Court's jurisdiction and include allegations concerning the amount in controversy and citizenship of the parties.

*Amount in Controversy*

Plaintiffs shall allege the amount in controversy exceeds "$75,000, exclusive of interest and costs" and explain the factual and legal basis for asserting the claim exceeds that amount. *See* 28 U.S.C. § 1332(a).

*Citizenship of the Parties*

Plaintiffs shall list the state citizenship of each party.

For all individual parties, including Plaintiffs, Plaintiffs shall allege each individual's state of citizenship. Plaintiffs shall identify the state 1) in which the person resides and 2) in which the person intends to remain indefinitely. *See McCormick v.*

---

[2] The Court **DENIES** Plaintiffs' motion to transfer this case back to the Northern District of Illinois. ECF 42. Plaintiffs argue if the Court is concerned about subject matter jurisdiction, the Court should transfer this case back to the Northern District of Illinois. *Id.* However, if the Court lacks subject matter jurisdiction, it must dismiss this case, not transfer it to another federal district court. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (explaining without factual allegations showing federal subject matter jurisdiction exists over a case, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency").

*Aderholt,* 293 F.3d 1254, 1257–58 (11th Cir. 2002) (explaining, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." (citation modified)).

For all corporate parties, Plaintiffs shall allege the corporation's citizenship by identifying the state(s) in which 1) it is incorporated and 2) it has its principal place of business. *See* 28 U.S.C. § 1332(c).

If any plaintiff is a citizen of the same state as any defendant, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

### b.  Federal Question Jurisdiction, 28 U.S.C. § 1331

The Court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If Plaintiffs allege the Court has federal question jurisdiction, Plaintiffs shall state this is a basis for the Court's jurisdiction and list the cause(s) of action that Plaintiffs assert arise under federal law.

### 3.  Statement of Facts

In this section, Plaintiffs shall state, in numbered paragraphs, all facts pertinent to Plaintiffs' claim(s).

### 4.  Statement of Claims

In this section, Plaintiffs shall state each claim for recovery. Each claim shall be stated under a separate heading.

### a.  Headings.

Each heading shall be labeled and numbered as a "count." Headings shall identify what the claim is and against whom it is asserted.[3]

**Example: Count I, Negligence Claim Against Defendant John Smith**

### b.  Basis for the Claim

Under each heading, Plaintiffs shall cite the appropriate statutory or constitutional authority for bringing the claim and state the factual basis for their claim. Plaintiffs must provide enough facts to plausibly allege that each defendant's actions or omissions resulted in the violation of their rights under a specific law.

The Court recommends Plaintiffs list numbered responses to the following questions:

(1) What did each defendant do (or not do) to violate their rights?

(2) When did the action(s) occur?

(3) How were the Plaintiffs injured as a result of the defendant's actions?

### B.  Fed. R. Civ. P. 11 Obligations

The Court informs Plaintiffs of their obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Plaintiffs' representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[3] Plaintiffs must link any claims they make to a named defendant. If Plaintiffs fail to link a named defendant to a claim, the claim will be dismissed; if Plaintiffs make no allegations in the body of their complaint against a named defendant, that defendant will be removed from the action.

(1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

### C. Artificial Intelligence

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Plaintiffs in meeting their pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiffs' amended complaint, Plaintiffs shall include a signed statement fully disclosing the use of AI to assist in the preparation of and drafting of the pleading. The statement shall also certify that Plaintiffs have verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II.  CONCLUSION

Plaintiffs' motion to amend their second amended complaint (ECF 51) is **DENIED**.

Plaintiffs are **ORDERED** to, consistent with these instructions, amend their second amended complaint **no later than March 3, 2026**.

Defendant's motion to dismiss (ECF 45), which is based entirely on its contention that Plaintiffs failed to submit to examination under oath, is **DENIED** as moot.

Plaintiffs' motion to transfer this case back to the Northern District of Illinois (ECF 42) is **DENIED**.

**SO ORDERED**, this 10th day of February, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT